EMIL DELORETO

*vs.*

AMERICAN POLICYHOLDERS' INSURANCE CO.

Superior Court          Hartford County          File No. 63021

MEMORANDUM FILED NOVEMBER 25, 1941.

*Cohen & Cohen,* of Hartford, for the Plaintiff.

*Day, Berry & Howard,* of Hartford, for the Defendant.

BALDWIN, J. The plaintiff, on March 21, 1939, was a dealer in automobiles and he conducted a garage in which he did an automobile repair business under the trade name of Philip F. Cohen Auto Exchange. On that day the defendant issued to the plaintiff an automobile garage liability policy of insurance numbered AVG 2116, upon which this action is brought. The liability claimed under this policy arises from the following alleged facts: On April 29, 1939, the plaintiff sold an automobile, the braking system of which was in a defective condition, to one Collello. On June 17, 1939, one Masselli was operating this automobile and as a result of the defective condition of its brakes injuries were caused to Emelio Lengnani, who sued this plaintiff and attached his real estate and bank account and caused this plaintiff inconvenience and expense in preparation of his defense, for which he seeks a recovery.

Upon service of papers in the action against this plaintiff he forwarded the papers to this defendant and requested it to defend the action under his policy, which the defendant refused to do, returning to the plaintiff the papers. Thereupon this plaintiff employed counsel. The action against this plaintiff, on April 12, 1940, was withdrawn.

The contract of insurance which the defendant, in the policy issued by it assumed, in relation to the coverage, so far as is material, was "To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages....sus-

tained by any person or persons, caused by accident and arising out of such of the operations hereinafter defined as. are indicated by specific premium charge or charges in item 3 of the declarations."

The operations defined in the policy and coming under the coverage clause are as follows: "The ownership, maintenance, occupation or use of the premises herein designated,. including the public ways immediately adjoining, for the purpose of an automobile dealer or repair shop, and all operations either on the premises or elsewhere which are necessary and incidental thereto, including repairs of automobiles or their parts, and ordinary repairs of buildings on the premises. and the mechanical equipment thereof; and the ownership, maintenance or use of any automobile for any purpose in connection with the above defined operations, and also for pleasure use."

The "coverage" indicated by the specific premium charge in item 3 of the declarations is coverage of liability of the plaintiff arising from his operations in conducting his business as an "automobile dealer", and from his operations conducting his business as an "automobile repair shop."

The demurrer attacks the sufficiency of the complaint upon the ground that the liability which was the basis of the action against this plaintiff was not of that class or character of liability that was within the coverage included in the policy, and in an amendment to the demurrer filed by consent of counsel it also attacks the complaint upon the further ground that the cause of the action against this plaintiff did not arise within the policy period.

The complaint alleges that this policy, No. AVG 2116, was in full force and effect until June 1, 1939, when this plaintiff transferred ownership in the business. to another and returned the policy for cancellation and that a new policy was: issued to conform with the new ownership. The policy includes the following provision relating to the policy period: "This policy applies only to accidents which occur during the policy period...." The accident which was the basis of the claim against this plaintiff did not occur during the policy period, since the accident occurred June 17, 1939, and the policy having been returned June 1, 1939, for cancellation and having been cancelled on that date when a new policy was issued to the new owner.

The demurrer is sustained upon the grounds set up in the amendment of the demurrer.

The language employed in the policy relating to "coverage" under the policy and the language employed defining the "operations" which come within the "coverage" of the policy is also to be noted. From the terms of the policy relating to "coverage" it appears that "coverage" is limited to "operations hereinafter defined" and the "operations. . . .defined" are quoted hereinbefore. They fall into three classes: (a) "The ownership, maintenance, occupation or use of the premises herein designated, including the public ways immediately ad-joining, for the purpose of an automobile dealer or repair shop, and (b) all operations either on the premises or else-where which are necessary and incidental thereto, including repairs of automobiles or their parts, and ordinary repairs of buildings on the premises and the mechanical equipment there-of; and (c) the ownership, maintenance or use of any auto-mobile for any purpose in connection with the above defined operations, and also for pleasure use. To hold that the sale of a defective automobile came within the terms of either of the classes of "operations defined" would require a reading into the definition an extension of the classes of operations and a condition not included in the policy.

The plaintiff claims that the defendant is liable under the terms of the policy in which it agreed that the defendant "shall (a) defend. . . .any suit against the insured alleging such injury or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent. . . ." This claim overlooks the fact that this language "any suit against the insured alleging such injury or destruction" refers to an injury or destruction arising out of "operations defined" in the policy. If the plaintiff, not in any connection with his business, assaulted a person and that person brought a suit for damages against the plaintiff because of injuries sus-tained in the assault he would not expect this defendant to defend such action, because the action was not one that grew out of the "operations defined" in his policy under the cov-erage clause, and, likewise, the basis of the suit against this plaintiff was not within the coverage of his policy.

The demurrer is sustained upon all of its grounds.